UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALAN WILLIAMS,

    Petitioner,

v.                                              Case No. 8:24-cv-1152-MSS-CPT
                                                  Case No.: 8:21-cr-257-MSS-CPT

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Petitioner Alan Williams moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 1) Williams pleaded guilty without a plea agreement to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g), for which he was sentenced to 60 months. He filed no appeal. Williams raises one ground for relief in his § 2255 motion. He claims that § 922(g) is unconstitutional, both facially and as applied to him.

Rule 4(b), Rules Governing Section 2255 Proceedings, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"; *see also Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014) (stating that summary dismissal of a habeas petition is appropriate "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"). A district court may consider *sua sponte* the timeliness of a § 2255 motion. *See Day v. McDonough*, 547

U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a § 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final." If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

Williams's judgment of conviction was entered on September 6, 2022. (Crim. Doc. 58) The judgment became final 14 days later, on September 20, 2022. Under § 2255(f)(1), Williams had until September 20, 2023, to file his § 2255 motion. He did not file his § 2255 motion until May 8, 2024, more than seven months after the September 20, 2023, deadline.

When asked to explain why the one-year statute of limitations in § 2255(f) does not bar his claim, Williams writes, "Timely. Please see attached." (Civ. Doc. 1 at 6) To support his claim that § 922(g) is unconstitutional, Williams cites *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 142 S. Ct. 2111, 2122 (2022), which holds that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." Affording the § 2255 motion a generous interpretation, Williams may intend to assert entitlement to a limitation period that began when *Bruen* issued. *See* 28 U.S.C. § 2255(f)(3) (stating that the limitation period may start on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

2

review"). Williams, however, filed his § 2255 motion on May 8, 2024, almost two years after *Bruen* issued on June 23, 2022. Moreover, *Bruen* has not been applied retroactively on collateral review. *In re Terry*, No. 22-13615-C, 2022 WL 20033240, at *4 (11th Cir. Nov. 14, 2022) ("[T]o the extent that the right recognized in *Bruen* is a previously unavailable, new rule of constitutional law, *Bruen* has not been 'made retroactive to cases on collateral review by the Supreme Court.'") (quoting 28 U.S.C. § 2255(h)(2)); *In re Williams*, No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir. Dec. 15, 2022) (same).

Williams's § 2255 motion is time-barred because he filed it more than one year after his judgment of conviction became final. Moreover, he fails to advance any argument to show that he is entitled under another provision in § 2255(f) to a renewed start of the limitation period, that he is entitled to equitable tolling, or that he is actually innocent.

Additionally, even if Williams's § 2255 was timely filed, he is entitled to no relief because his facial and as-applied challenges to the constitutionality of § 922(g) are squarely foreclosed by binding precedent. In *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), the Eleventh Circuit explicitly rejected the Second Amendment challenge to the constitutionality of § 922(g) that Williams advances here. *Dubois* holds that the Eleventh Circuit's prior precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), in which the Eleventh Circuit upheld the constitutionality of § 922(g)(1), remains good law. *Id.* at 1293 ("*Bruen* did not abrogate *Rozier*."). Accordingly, Williams's facial challenge to the constitutionality of § 922(g) lacks merit. *See United States v. Dunlap*, No. 23-12883, 2024 WL 2176656, at * 2 (11th Cir. May 15, 2024) (affirming the defendant's § 922(g) conviction "because our binding precedent from *Rozier*, holding that § 922(g)(1) is constitutional, and *Dubois*, confirming the

3

constitutionality of § 922(g)(1) post-*Bruen*, conclusively forecloses [the defendant's Second Amendment challenge]").

Here, Williams pleaded guilty to a violation of § 922(g), thereby admitting that he knowingly possessed a firearm and ammunition after having been previously convicted of a felony offense. (Crim. Doc. 1) Consequently, because § 922(g)(1) constitutionally prohibited Williams, a convicted felon, from possessing firearms and ammunition, his as-applied challenge to the constitutionality of § 922(g) also lacks merit. *See Dunlap*, No. 23-12883, 2024 WL 2176656, at *2 (affirming a § 922(g) conviction and noting that the defendant "can cite no authority that would support an as-applied challenge to his § 922(g)(1) conviction"); *see also Boatwright v. United States*, No. 8:23-cv-2910-MSS-TGW, 2024 WL 1012960, at *3–4 (M.D. Fla. Mar. 8, 2024) (relying on *Dubois* to hold that the petitioner's Second Amendment claim lacked merit because § 922(g) constitutionally prohibited the petitioner, who was a felon, from possessing a firearm); *United States v. Pierre*, No. 23011604, 2024 WL 1070655, at *1 (11th Cir. Mar. 12, 2024) (relying on *Dubois* to affirm the defendant's § 922(g) conviction because defendant's Second Amendment argument lacked merit post-*Bruen*).

## III.     Conclusion

Accordingly, because it plainly appears from Williams's motion that he is not entitled to relief, the Court finds it appropriate to deny Williams's motion and dismiss this action without requiring the United States to file a response. *See* Rule 4, Rules Governing § 2255 Proceedings. Williams's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**. The **CLERK** is directed to enter a judgment against Williams, to terminate any pending motions, to **CLOSE** this case, and to enter a copy of this order in the criminal action.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY
### AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Williams is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Williams must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Williams has not shown that reasonable jurists would debate either the merits of the claims or the procedural issues. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Williams must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 3rd day of June, 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE