UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALAN WILLIAMS,

    Petitioner,

v.                                                      Case No. 8:24-cv-1152-MSS-CPT
                                                      Case No.: 8:21-cr-257-MSS-CPT

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner Alan Williams files a "Motion to Amend" his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Civ. Doc. 8) In this action, Williams sought to vacate his conviction under 18 U.S.C. § 922(g) and his 60-month sentence and argued that § 922(g) is unconstitutional, both facially and as applied to him. (Civ. Doc. 1) On June 5, 2024, the Court denied Williams's § 2255 motion and found that his claim was both untimely and squarely foreclosed by binding precedent. (Civ. Doc. 2) The following day, a judgment was entered against Williams, and this action was closed. (Civ. Doc. 3)

Williams now files a "Motion to Amend" his original § 2255 motion. Citing *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), he argues that he is a "non-violent offender[] [who is] permitted under the Second Amendment to keep and bear arms for self defense." (Civ. Doc. 8 at 2) Because the Court already denied Williams's original § 2255 motion, his current "Motion to Amend" is generously construed as a motion for relief from the Court's order denying his § 2255 motion, under Rule 60(b), Federal Rules of Civil Procedure.

A court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). "[A] judge's errors of law are [ ] 'mistake[s]' under Rule 60(b)(1)." *Kemp v. United States*, 596 U.S. 528, 530 (2022). "[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (citation omitted). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors . . . includ[ing] in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'" *Buck*, 580 U.S. at 123 (citation omitted).

In its earlier order, the Court explained that binding precedent forecloses the claim that Williams repeats here. In *United States v. Dubois*, 94 F.4th 1284 (11th Cir. 2024), the Eleventh Circuit explicitly rejected the Second Amendment challenge to the constitutionality of § 922(g). *Dubois* holds that the Eleventh Circuit's prior precedent in *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), in which the Eleventh Circuit upheld the constitutionality of § 922(g)(1), remains good law. *Id.* at 1293 ("*Bruen* did not abrogate *Rozier*.").

There has been no intervening change in binding precedent nor has any new evidence become available. Accordingly, because Williams shows neither that the order denying his § 2255 motion contains an error of law nor that extraordinary circumstances justify relief, his construed Rule 60(b) motion for relief is **DENIED**.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 5th day of March, 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

2